# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:94-CR-60060-01** |
| **VERSUS** | **JUDGE JUNEAU** |
| **GORDON RAY THOMAS (01)** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the court is the Motion to Vacate filed by petitioner, Gordon Ray Thomas (Thomas), pursuant to 28 U.S.C. § 2255. [Rec. Doc. 60]. Thomas contends that his counsel was ineffective for failing to object to his sentence and that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2251 (2015). For the reasons enunciated below, Thomas's § 2255 motion is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

I. Factual Background

The record reveals that on August 31, 1995, Thomas was convicted at trial on one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count 1); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 2); and one count of transporting stolen vehicles, in violation of 18 U.S.C. § 2312 (Count 3). He was

sentenced to a total of 327 months imprisonment, followed by five years supervised release. His sentence on the third count, an offense typically carrying a 10-year statutory maximum, was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), based on four prior Louisiana convictions for "armed robbery." [PSR at ¶¶ 36, 41 (Sealed)]. The Court expressly ordered that he serve his federal 327-month sentence consecutively to an undischarged state sentence, as required by a then-binding guideline provision cited in the PSR. Judgment was entered on September 5, 1995. [Rec. Doc. 50]. Thomas did not appeal.

The Motion to Vacate presently before this Court was filed June 13, 2016, [Rec. Doc. 60], raising two issues: (1) Defense counsel rendered constitutionally ineffective assistance of counsel in failing to object to Thomas's sentencing under the ACCA on the ground that some of the predicate convictions relied upon by the Court were actually part of the instant offense [Rec. Doc. 60, pp. 8-12]; and (2) Thomas is entitled to relief under *Johnson* because, without the residual clause invalidated by *Johnson*, his armed robbery convictions do not constitute valid ACCA predicates. [Rec. Doc. 60, pp. 13-16].

The Court issued the standard administrative and procedural orders applicable to *Johnson*-based claims, which, among other things, appointed the Office of the Federal Public Defender to represent Thomas in connection with his

motion. [Rec. Docs. 67 & 68]. The Court granted the Public Defender's Motion to Withdraw as Counsel on March 29, 2018. [Rec. Docs. 70 & 71].

## II. Law and Analysis

### a. The Law of § 2255 Actions, Generally

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *See Cates*, 952 F.2d at 151; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Thomas did not appeal his conviction and sentence. Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral

proceeding. *See United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995).

A collateral challenge may not do service for an appeal. *See United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992). After conviction and exhaustion or waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. *See id.* at 231–32. Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *See id.* at 232; *see also United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

### b. Thomas's § 2255 Motion Is Untimely.

The § 2255 motion before this Court is untimely and, therefore, should be dismissed. Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on September 19, 1995, ten days (excluding holidays and weekends) after petitioner's judgment of conviction was entered on this Court's

4

docket. See *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until September 19, 1996, to file his § 2255 motion in this Court. The instant motion was not filed until June 13, 2016. Thus, Petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1). Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. *See* 28 U.S.C. § 2255(f)(2)(3) and (4). As discussed below, neither of Petitioner's claims meets the requirements of the exceptions.

1. ***Ineffective Assistance of Counsel Claim***

Petitioner's first claim is that his counsel's "action fell below an objective standard of reasonableness when he stood by idly without objecting to the erroneous P.S.I. calculations of the Petitioner (sic) applicable sentencing guideline range" and "did not object to Petitioner being incorrectly sentenced to 327 months imprisonment, premised upon incorrectly being classified as an Armed Career Offender." [Rec. Doc. 60, p. 10]. Thomas concedes that this claim is untimely, yet asserts that he is entitled to equitable tolling. Specifically, he argues that defense counsel misrepresented to him that his federal and state sentences would be served concurrently, and he did not realize counsel's error until December 23,

5

2015, the date he was released from state custody and taken into federal custody. He asks the Court to use the December 23, 2015 date as the date his claim accrued, not the 1995 entry of judgment. [Rec. Doc. 60, p. 12].

"The one-year limitations period of [§ 2255(f)] is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). However, equitable tolling is permitted only in "rare and exceptional circumstances," *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2009), and "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). A defendant bears the burden of establishing a right to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511, *holding clarified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling because his defense counsel gave him faulty advice about whether his state and federal sentences would be served consecutively or concurrently, and he was not aware of this fact until he was placed in federal custody to serve out the 327-month federal sentence. [Rec. Doc. 60, p. 12].

First, Petitioner has failed to establish an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. The Government argues, and this Court agrees, that even assuming defense counsel gave Thomas deficient advice regarding the consecutive versus concurrent nature of his federal and state sentences, that does not toll the running of the statute under the facts of this case. The Fifth Circuit expressly found as much in the context of 28 U.S.C. § 2255(f)(4), a similar statutory tolling provision. *See United States v. Jackson*, 470 F. App'x 324, 327–29 (5th Cir. 2012) (rejecting the defendant's assertion that he was entitled to statutory tolling under § 2255(f)(4) because he did not discover that defense counsel had incorrectly advised him that his federal sentence would run concurrently with his state sentence until he was released from state custody and taken into federal custody; Jackson could have discovered that counsel's advice was incorrect at the time of his federal sentencing, as the judge stated that the sentences would be served consecutively, and as the PSR included similar statements).[1]

---

[1] While *Jackson* addresses this issue in the context of § 2255(f)(4), it is instructive here as the Fifth Circuit has noted that the "diligence" inquiries for purposes of statutory tolling under § 2255(f)(4) and equitable tolling are indistinguishable. *United States v. Rodriguez*, 858 F.3d 960, 964 n.4 (5th Cir. 2017) ("Although [cited authority] involved the question of what kind of diligence is required for a court to apply equitable tolling to a habeas petition—and equitable tolling is distinct from § 2255(f)(4)—we find no reason to differentiate diligence under equitable tolling from diligence under § 2255(f)(4).").

Similar to *Jackson*, the judgment concerning Thomas's federal sentence expressly provided that that sentence would be served consecutively to his undischarged state sentence. [Rec. Doc. 50]. His PSR also noted that consecutive sentences were required under U.S.S.G. § 5G1.3(a). [PSR, ¶ 67 (Sealed)]. No one deceived or misled Thomas regarding the nature of his sentences; he simply failed to pay attention to what he could have reasonably learned from his own judgment and PSR. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (noting that "delays of the petitioner's own making" do not toll the running of the statute of limitations).

Second, Petitioner has not established that he "has been pursuing his rights diligently." *Holland*, 560 U.S. at 649. Thomas waited more than 21 years from the date judgment was entered in this matter, September 5, 1995, to file the instant motion. He asks the Court to begin the one-year statute of limitations on December 23, 2015, the date he was placed in federal custody to serve out the 327-month federal sentence, arguing that he was not in federal custody before that date and, therefore, not confined by the authority of the judgment and sentence of which he complains. This argument is also without merit. The Fifth Circuit has held that "28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971); *see also Curlin v. Cockrell*, 2002 U.S. Dist. LEXIS 27861, at

*24–25 (N.D. Tex., July 12, 2002). Accordingly, the timeliness of his motion on Ground 1 is governed by § 2255(f)(1). Under that provision, his one-year period for filing a § 2255 motion challenging his sentence began to run upon the expiration of the period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Thomas's judgment of conviction was entered on September 5, 1995, [Rec. Doc. 50], and under Federal Rule of Appellate Procedure 4(b), his time for filing a notice of direct appeal expired on September 19, 1995. Under § 2255(f)(1), Thomas's one-year period for filing his instant § 2255 motion ended one year after that—on September 19, 1996. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Accordingly, this Court cannot consider the merits of Thomas's ineffective assistance of counsel claim as it is time-barred

   2. ***Johnson* Claim**

Petitioner's second claim is presumably filed pursuant to § 2255(f)(3), as it was filed within one year of the United States Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2251 (2015), a retroactively-applicable decision that Thomas believes affords him relief. The Government argues, and the Court agrees, that *Johnson* is inapplicable to the matter at hand.

Under the Armed Career Criminals Act (ACCA), a defendant convicted of violating 18 U.S.C. § 922(g) who has three or more earlier convictions for either a

9

"serious drug offense" or a "violent felony" "committed on occasions different from one another" is subject to an enhanced penalty of 15 years to life. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text has come to be known as the ACCA's "residual clause." *Johnson*, 135 S.Ct. at 2555–56.

In *Johnson*, the Supreme Court invalidated, on Due Process grounds, the residual clause of § 924(e)(2)(B)(ii), finding "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. The Supreme Court later declared that ruling retroactively applicable. *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).

*Johnson*, however, is not applicable to the matter before this Court. As the Government sets forth, all of Thomas's predicates at his sentencing in 1995—four Louisiana armed robberies—would have been evaluated under the ACCA's "force" or "elements" clause, not the residual clause. 18 U.S.C. § 924(e)(2)(B) (defining violent felony to include an offense that "has as an element the use, attempted

use, or threatened use of physical force against the person of another"). As *Johnson* expressly provided, and as and other circuits have recognized, the ruling left other portions of the ACCA intact, including the rest of the definition of "violent felony." *See e.g., Johnson*, 135 S.Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *In re Sargent*, 837 F.3d 675, 677 (6th Cir. 2016) ("*Johnson* invalidated only the residual clause of the ACCA's definition of a violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a 'serious drug offense.'"); *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the Armed Career Criminal Act."); *see also United States v. Sherrick*, 2018 U.S. Dist. LEXIS at *4 (W.D. La., July 27, 2018).

Thomas's four Louisiana armed robbery predicate convictions are unaffected by *Johnson*. According to the PSR, Thomas was convicted, in the same judicial proceeding, of committing four armed robberies on four different dates: October 1, 1992; December 14, 1992; December 27, 1992; and December 31, 1992. [PSR at ¶ 41 (Sealed)]. At the time those offenses were committed, the Louisiana armed robbery statute defined that offense as "the taking of anything of value belonging


to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La. Rev. Stat. Ann. 14:64 (1992). Post-*Johnson*, the Fifth Circuit has held that both Louisiana armed robbery and simple robbery (La. Rev. Stat. Ann. 14:65) are "crimes of violence" for purposes of the guidelines' career offender enhancement, U.S.S.G. § 4B1.2.2. *United States v. Richardson*, 672 F. Appx 368, 372 (5th Cir. 2016). The Fifth Circuit applies those decisions equally in the ACCA context. *See United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) ("Because of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably.").

As noted by the Government, while *Richardson* is an unpublished decision, it relies on a published one, *United States v. Brown*, 437 F.3d 450, 452–53 (5th Cir. 2006), a pre-*Johnson* ruling that found simple robbery under Louisiana law was an ACCA predicate under the statute's "force" (or "elements") clause. *Brown* expressly rejected the argument that the simple robbery statute did not qualify because it permitted a conviction based on intimidation only, favorably citing out-of-circuit authority that recognized that "[v]iolence is the use of force," and "[i]ntimidation is the threat of the use of force," so the use of intimidation necessarily "has as an element the use or threatened use of force." *Id*. at 452 (collecting cases). Thomas's

ACCA-enhancement was not dependent upon the residual clause invalidated by *Johnson*, so he is not entitled to relief under that ruling.

Therefore, because *Johnson* does not provide Thomas an avenue for relief, he cannot take advantage of § 2255(f)(3), which reckons the commencement of the one-year statute of limitations from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See United States v. Morgan*, 845 F.3d 664, 666 (5th Cir. 2017) (affirming the district court's decision to dismiss the defendant's § 2255 motion as time barred; § 2255(f)(3) restarts the filing clock only if the defendant is entitled to relief in light of a new right recognized by the Supreme Court that is retroactively applicable on collateral review, and because the Court's prior ruling in *Descamps* did not qualify, the defendant could not rely upon that provision).

Accordingly, Thomas's claim in Ground 2 is similarly governed by § 2255(f)(1), the default limitations period. As discussed above, because more than one year has passed since the September 1995 judgment became final, this claim is also time-barred.

Accordingly,

**IT IS ORDERED** that Gordon Ray Thomas's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to Title 28 U.S.C. § 2255, be **DENIED AND DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 23rd day of April, 2019.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE