UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:94-CR-60060-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GORDON RAY THOMAS (01)** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER and REASONS**

Before the Court is a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), filed by Defendant Gordon Ray Thomas.[1] For the reasons that follow, the motion is DENIED.

On April 18, 1995, Thomas was found guilty by a jury of: (1) Possession of an Unregistered Firearm (Count I), (2) Possession of a Firearm by a Convicted Felon (Count II), and (3) Interstate Transportation of a Stolen Motor Vehicle (Count III).[2] On August 31, 1995, Thomas was sentenced to a within-guidelines sentence of 327 months imprisonment, to be served consecutively to his undischarged term of imprisonment with the State of Louisiana.[3] Thomas was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on four prior Louisiana convictions for armed robbery.[4] This had the effect of increasing his statutory sentencing range on Count II from a ten-year maximum sentence, to a fifteen-year minimum sentence.[5] Thomas now seeks a sentence reduction on the bases that: (1) his sentence is "unusually long," (2) the sentence was imposed in violation of his rights under the 6th Amendment to the United States Constitution,

---

[1] ECF No. 94.
[2] *See* ECF No. 78 at 3; ECF No. 79 at 1.
[3] ECF No. 79 at 2. Defendant's sentencing guideline range was 262–327 months. ECF No. 78 at 10. Defendant was released from state custody and taken into federal custody on or about December 23, 2015. ECF No. 75 at 5.
[4] ECF No. 78 at 6-7, ¶¶ 36, 41.
[5] 18 U.S.C. § 924(a)(2) (West 1994); 18 U.S.C. § 924(e)(1).

as explained in *Alleyne*, *Booker*, and *Apprendi*; (3) his rehabilitation; (4) his post-release plans; and (5) the factors set forth in 18 U.S.C. § 3553(a).[6]

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed."[7] One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A), which permits courts to modify an imposed term of imprisonment if: (1) the defendant has either exhausted his administrative remedies, or waited thirty days after filing a request with the Bureau of Prisons before filing a motion with the court; (2) extraordinary and compelling reasons warrant a reduction; (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the court has considered the factors set forth in 18 U.S.C. § 3553(a).[8]

Congress has not defined what constitutes an "extraordinary and compelling" reason warranting a sentence reduction, except to say that "[r]ehabilitation of the defendant alone" is insufficient.[9] Instead, it directed the United States Sentencing Commission to issue policy statements describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[10] The Sentencing Commission has issued a policy statement describing six circumstances which constitute extraordinary and compelling reasons for purposes of section 3582(c)(1)(A): (1) medical

---

[6] *See Alleyne v. United States*, 570 U.S. 99 (2013) (Sixth Amendment requires that any fact increasing a statutory, mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt); *U.S. v. Booker*, 543 U.S. 220 (2005) (Sixth Amendment applies to federal sentencing guidelines and therefore any fact, other than a prior conviction, necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (other than the fact of a prior conviction, the Sixth Amendment requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").
[7] 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] 28 U.S.C. § 994(t).
[10] *Id.*

circumstances of the defendant, (2) age of the defendant, (3) family circumstances, (4) victim of abuse, (5) "other reasons," and (6) unusually long sentence.[11] In this matter, Thomas does not base his motion on reasons (1) through (4). Read liberally, his motion relies upon subsections (b)(5) and (6). Those provisions provide that extraordinary and compelling reasons exist under the following circumstances, or a combination thereof:

> (5) OTHER REASONS.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.[12]

Also relevant here, subsection (c)—"LIMITATION ON CHANGES IN LAW"—provides:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.[13]

The record indicates Thomas has exhausted his administrative remedies, and thus the first element he must meet appears to be satisfied.[14] Thomas contends extraordinary and compelling reasons exist, because his sentence is unusually long, it was imposed in violation of his rights

---

[11] U.S.S.G. § 1B1.13(b).
[12] Id.
[13] U.S.S.G. § 1B1.13(c).
[14] ECF No. 94-1.

under the 6th Amendment to the United States Constitution (as explained in *Alleyne*, *Booker*, and *Apprendi*), and due to his post-sentencing rehabilitation. As to the first two grounds, Thomas asserts that because he was found to be an armed career criminal under the ACCA by the sentencing judge, rather than by a jury, he is eligible for a sentence reduction. Thomas contends the recent Supreme Court decision in *Concepcion v. United States*, 597 U.S. 481 (2022)—which he argues permits district courts "in First Step Act sentence-modification proceedings [to] reduce sentences based not only on the changes to the crack-cocaine sentencing ranges, but also on other unrelated legal or factual changes that have occurred since the original sentencing"—clarifies that the constitutional errors he alleges are permissible grounds for relief under section 3582.[15]

*Concepcion* addressed the types of information a district court can consider *after* it finds a defendant qualifies for a sentence reduction.[16] Thus, *Concepcion* is not relevant *until* Thomas demonstrates he is eligible for relief under § 3582(c)(1)(A). To be eligible for relief under § 3582(c)(1)(A), Thomas must first show extraordinary and compelling reasons are present which warrant a sentence reduction. Further, *Concepcion* held that the "only limitations on a court's discretion to consider any relevant materials" when modifying a sentence "are those set forth by Congress in a statute or by the Constitution."[17] The procedural requirements of 28 U.S.C. § 2255 (the habeas substitute for federal prisoners) constitute such a limitation on the district courts' discretion. Generally, a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . ., or that the sentence was in excess of the maximum authorized by law," must file a motion to vacate or set aside the sentence pursuant

---

[15] ECF No. 94 at 5.
[16] *Concepcion* at 488.
[17] *Concepcion* at 494; *see also id.* at 486-87.

to 28 U.S.C. § 2255.[18] And as recently held by the Fifth Circuit, a federal prisoner "cannot use § 3582(c) to challenge the legality or the duration of his sentence," as such arguments must be raised under Chapter 153 of Title 28.[19]

Further, Thomas' sentence is not "unusually long" under current statutory law or sentencing guidelines.[20] Under current law, Thomas's statutory sentencing range on Count II remains fifteen years to life, as he remains subject to the enhanced sentencing range set forth at 18 U.S.C. § 924(e)(1), due to his four prior armed robbery convictions. Likewise, his sentencing guideline range remains 262 to 327 months imprisonment. Thus, Thomas does not satisfy U.S.S.G. § 1B1.13(b)(6)'s definition of "unusually long sentence," because there has been no change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[21]

Finally, the Court finds U.S.S.G. § 1B1.13(b)(5)—"Other Reasons"—is inapplicable, because Thomas has not presented "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Rather, he argues constitutional errors occurred at his sentencing, which have been made clear in certain post-

---

[18] 28 U.S.C. § 2255(a). Federal prisoners may also file a habeas petition under 28 U.S.C. § 2241 where a section 2255 motion would be "inadequate or ineffective" for their claims and certain other conditions are met. 28 U.S.C. § 2255(e), *see also Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020).
[19] *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).
[20] ECF No. 94 at 4-5 ("Thomas, who construes as a defendant with an unusually long sentence under the new Sentencing Guidelines is within the discretion of the Court construed with the First Step Act to have the original jury verdicts statutory maximum to be implemented. . . .").
[21] U.S.S.G. §1B1.13(b)(6). Additionally, Thomas does not satisfy that provision because he has not yet served 10 years of his federal term of imprisonment. *See id.*

sentencing decisions issued by the Supreme Court. As previously noted, without more, such claims must be brought under Chapter 153 of Title 28.[22]

For the reasons set forth above, the Court finds Thomas has failed to show extraordinary and compelling reasons are present warranting a sentence reduction. Accordingly, the motion is DENIED.

SIGNED this 1st day of March, 2024.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[22] *See also* U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant *otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement*, a change in the law . . . may be considered for purposes of determining the extent of any such reduction." (emphasis added)).